UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME FERNANDEZ,<br><br>Defendant. | No. 2:16-cr-0115 KJM<br><br><br><br>ORDER |

Defendant Jaime Fernandez was sentenced on April 12, 2017, to 120 months in prison for his role in a drug trafficking conspiracy. Proceeding *pro se*, he moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot., ECF No. 72. Defendant relies on Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.10, which became effective November 1, 2014, and lowered the base offense level for most drug trafficking offenses. The Amendment applies prospectively as well as retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, No. 1:02-CR-05319-LJO, 2014 WL 6773237, at *1 (E.D. Cal. Nov. 10, 2014). The government opposes defendant's motion. Opp'n, ECF No. 81. As explained below, the court DENIES the motion.

/////

////

////

I.  BACKGROUND

On January 11, 2017, pursuant to a plea agreement offered to the court subject to Federal Rule of Criminal Procedure 11(c)(1)(C), defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). Plea H'rg Mins., ECF No. 33. The parties agreed to a sentence within the applicable Guidelines range for defendant's offense. Plea Agmt., ECF No. 35, § II.B. Before sentencing, the Probation Officer prepared a Presentence Investigation Report ("PSR"), which recommended a Guidelines range. PSR, ECF No. 43. The PSR found defendant responsible for 9.63 kilograms of methamphetamine (actual), resulting in a base offense level of 38. PSR ¶¶ 10, 18 (citing U.S.S.G. § 2D1.1). The PSR recommended a nine-level reduction based on defendant's minor role and his acceptance of responsibility, bringing his total offense level down to 29. *See* PSR ¶¶ 18, 21, 25-26 (recommending two-level reduction for minor role under USSG §3B1.2(b), and a three-level reduction for acceptance of responsibility under USSG §3E1.1(a), which together triggered an additional four-level reduction under U.S.S.G. § 2D1.1(a)(5)(A) and (B)(iii)). With this total offense level and a Category III criminal history, the PSR calculated a resulting Guidelines range of 120 to 135 months. PSR ¶¶ 66-67. The low end of the range reflected the statutory mandatory minimum. PSR ¶ 67 ("[T]he guideline imprisonment range is 108 months to 135 months. However, the statutorily authorized minimum sentence of 10 years is greater than the minimum of the guideline range; therefore, the guideline range is 120 months to 135 months.") (citing USSG §5G1.1(c)(2)). At sentencing on April 12, 2017, the court accepted the PSR's Guidelines calculation, and after considering the factors identified in 18 U.S.C. § 3553 imposed a 120-month prison sentence. Sentencing Mins, ECF No. 53. Defendant now moves to reduce that sentence based on Amendment 782.

II.  ANALYSIS

The district court's authority to modify a prison sentence "based on a guideline range that is later lowered by the Sentencing Commission" derives from 18 U.S.C. § 3582(c)(2). *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017) (citing § 3582(c)(2)). The first step in assessing if a sentence reduction under § 3582(c)(2) is warranted involves

determining what Guidelines range "'would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.'" *Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting § 1B1.10(b)(1)). Then court then assesses if that range differs from the range relied on at sentencing. *Id.*

Here, the government does not rest on defendant's waiver of his rights to appeal or collateral attack, or the binding nature of the 11(c)(1)(c) agreement. Assuming without deciding that defendant's Rule 11(c)(1)(C) plea agreement does not preclude the court's jurisdiction over this motion, defendant is not entitled to relief under this first step. *See United States v. Davis*, 825 F.3d 1014, 1028 (9th Cir. 2016) (en banc) (reversing district court's determination it lacked jurisdiction, examining fractured approaches to assessing jurisdiction over Rule 11(c)(1)(C) plea agreements, and adopting one such approach as the most persuasive). Amendment 782 was in effect several years before defendant was sentenced and thus the Guidelines range used at his initial sentencing is the same range that "would have been applicable to the defendant had the [] amendment been in effect at the time of the initial sentencing." *See Dillon*, 560 U.S. at 827 (quoting § 1B1.10(b)(1)). Amendment 782 became effective on November 1, 2014; defendant was sentenced on April 12, 2017. Defendant was sentenced using the 2016 Guidelines Manual, which incorporated "all guideline amendments" as of March 6, 2017. PSR ¶ 17. Amendment 782 thus was accounted for in the calculation of defendant's Guidelines range. The court DENIES this motion.

III. CONCLUSION

Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

IT IS SO ORDERED.

This resolves ECF No. 72.

DATED: April 12, 2018.

_____
UNITED STATES DISTRICT JUDGE

3